2019 MAY 14 PM 3:34

CLERK
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| FIVE PERCENT NUTRITION, LLC, a Florida Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>GET FIT FAST SUPPLEMENTS LLC, a Florida Limited Liability Company,<br><br>Defendant. | Case No. 8:19cv1162T33 AEP<br><br>PLAINTIFF FIVE PERCENT NUTRITION, LLC'S COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, Five Percent Nutrition, LLC ("Five Percent"), hereby alleges the following against Defendant, Get Fit Fast Supplements LLC ("Get Fit"):

## NATURE OF THE ACTION

1.  This is an action for trademark counterfeiting, trademark infringement, false advertising, and unfair competition pursuant to the Federal Trademark Act of 1946, as amended, 15 U.S.C. § 1501, *et seq.* (the "Lanham Act") and Unfair Competition pursuant to the Florida Deceptive and Unfair Trade Practices Act. These claims arise out of Get Fit's infringement of Five Percent's Trademarks in connection with Get Fit's unauthorized and unlawful advertisement and sale of Five Percent branded products on the Internet. The products sold by Get Fit without the requisite authorization and which are, as detailed below, unrelated to or materially different from genuine Five Percent products will be referred to herein as the "Infringing Products".

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121

TRA -56534
$400

and 28 U.S.C. §§ 1331, 1338(b) because this action arises under the Lanham Act. Although this action also asserts a Florida state law claim, this Court has supplemental jurisdiction over that claim pursuant to 28 U.S.C. §§ 1338, 1367.

3. This Court has personal jurisdiction over Get Fit because Get Fit is organized under the laws of the State of Florida, has distributed, advertised, marketed, offered for sale, and/or sold the Infringing Products within this District, has engaged in acts or omissions within this District causing injury, or has otherwise made contact within this District.

4. This District is a proper venue pursuant to 28 U.S.C. §§ 1391(b)-(c) because Get Fit has offered for sale, sold, and distributed the Infringing Products within this District.

## PARTIES

5. Five Percent is a Florida limited liability company with its principal place of business located at 8285 Bryan Dairy Road, Suite 190, Largo, Florida 33777.

6. Upon information and belief, Get Fit is a Florida limited liability company with its principal place of business located at 1463 W. Bexley Park Drive, Delray Beach, Florida 33445.

## GENERAL ALLEGATIONS

7. Five Percent develops, markets, and sells premium, high-quality nutritional supplements. Five Percent sells its products exclusively through its own website or through a network of authorized resellers.

8. Five Percent devotes a significant amount of time, energy, and resources toward protecting the value of the Five Percent brand, products, name, and reputation. By distributing Five Percent products exclusively through its own website and through authorized resellers, Five Percent is able to ensure the safety and satisfaction of consumers and maintain the integrity and reputation of Five Percent's brand. In the highly competitive nutritional supplement market,

quality, customer support, and warranties are fundamental to a customer's decision to purchase a product.

9. To further promote and protect the Five Percent brand, Five Percent has registered several trademarks with the United States Patent and Trademark Office, specifically 5% NUTRITION® (U.S. Registration No. 4736463 – Registered May 12, 2015); RICH PIANA 5% NUTRITION® (U.S. Registration No. 5418377 – Registered March 6, 2018); RICH PIANA® (U.S. Registration No. 5418378 – Registered March 6, 2018); *Rich Piana 5% NUTRITION*® (U.S. Registration No. 5418379 – Registered March 6, 2018); and *5% MEAL PLAN*® (U.S. Registration No. 5503146 – Registered June 26, 2018) (hereinafter cumulatively referred to as the "Five Percent Trademarks").

10. Five Percent has actively used the Five Percent Trademarks since the times associated with their respective registrations.

11. Five Percent uses, advertises, and markets all of the Five Percent Trademarks in commerce throughout the United States.

12. The registrations for the Five Percent Trademarks are valid, subsisting, and in full force and effect.

13. Consumers recognize the Five Percent Trademark as being associated with high-quality nutritional supplements in the competitive nutritional supplement industry, and as such, consumers trust the Five Percent brand and associate it with reliable, effective supplements.

14. For these reasons, the Five Percent Trademarks are widely recognized by the general consuming public of the United States, and Five Percent is recognized as the source of products

bearing the Five Percent Trademarks.

15. Due to the superior quality and exclusive distribution of Five Percent products and because Five Percent is uniquely recognized as the source of these high-quality products, the Five Percent Trademarks have considerable value.

16. Get Fit sold, marketed, and offered to sell products that did not originate from Five Percent bearing the Five Percent Trademarks, specifically, the Infringing Products.

17. The Infringing Products were advertised and offered for sale in connection with use of the Five Percent Trademarks.

18. Get Fit did not purchase the Infringing Products from Five Percent.

19. Five Percent does not know how Get Fit obtained the Infringing Products.

20. Get Fit has alleged that the Infringing Products originate from Five Percent.

21. Even if the Infringing Products did originate from Five Percent, they are not authorized products in the United States and therefore would be counterfeit products that infringe on Five Percent's rights in the Five Percent Trademarks.

22. Online marketplaces pose a risk of threatening a manufacturer or producer's ability to maintain its goodwill, reputation, and brand integrity by virtue of unauthorized sellers offering to and, in fact, selling the manufacturer or producer's products.

23. In particular, when consumers purchase from unauthorized sellers, the manufacturer or producer runs the risk of having the consumers associate any frustration or issues with the unauthorized products with the manufacturer or producer, not the unauthorized seller, even when the genesis of the frustration or issues arise solely from the seller's actions or omissions.

24. Recognizing the risks to consumers and to the Five Percent reputation caused by the unauthorized sale of Five Percent products via online marketplaces, Five Percent has implemented

quality control standards that apply to all Five Percent products sold with the aim of protecting consumers and the value and goodwill associated with the Five Percent brand.

25. These quality control standards seek to minimize the likelihood that poor-quality products will reach consumers. Preventing consumers from receiving damaged, defective, or poor-quality products protects consumers from confusion and unsafe products and also protects the value and goodwill associated with the Five Percent brand.

26. Five Percent abides by its quality control requirements and also requires its authorized resellers to abide by the requirements.

27. Five Percent's ability to exercise these quality control standards is essential to the integrity, safety, and quality of Five Percent products, as well as the value of the Five Percent Trademarks and related intellectual property rights inuring to Five Percent.

28. Five Percent maintains its strict quality control standards over Five Percent products by conducting all sales itself or through its authorized resellers. Five Percent vets all entities seeking to serve as authorized resellers to ensure that they meet Five Percent's standards and will properly represent the Five Percent brand.

29. Furthermore, all Five Percent authorized resellers are required to execute an Online Selling Agreement, which establishes all of Five Percent rules with regard to the resale of its products (the "Five Percent Rules").

30. The Five Percent Rules limit to whom and where authorized resellers may sell Five Percent products. In particular, authorized resellers are prohibited from selling products on unauthorized websites, including third-party online marketplaces, such as Amazon, eBay, Jet, and Walmart Marketplace. This allows Five Percent to maintain full visibility and oversight over the parties authorized to sell its products online.

31. These restrictions are essential to Five Percent's ability to exercise its quality control over Five Percent products because they allow Five Percent to know which of its authorized resellers are approved to sell online and where its authorized resellers are selling online. If a quality issue arises through an online sale, Five Percent can identify the authorized reseller that made the sale, contact the authorized reseller, and address the issue immediately. Five Percent is unable to take such action against unauthorized resellers because Five Percent does not know who those sellers are and/or cannot obtain their cooperation in addressing any product quality issues that might arise.

32. In addition to restricting where and how authorized resellers can sell Five Percent products, the Five Percent Rules also require authorized resellers to adhere to Five Percent's quality control requirements related to inspection, handling, and storage of Five Percent products.

33. To ensure that consumers receive the genuine, high-quality products they expect from Five Percent, the Five Percent Rules require that authorized resellers inspect all Five Percent products for damages, defects, evidence of tampering, and other non-conformance and remove all such products from inventory. Authorized resellers are prohibited from selling damaged or defective products.

34. To avoid consumer confusion and ensure that consumers receive genuine Five Percent products, authorized resellers are also prohibited from relabeling, repackaging, or altering the Five Percent products. Authorized resellers must not remove, translate, or modify the contents of any label or literature accompanying the products. Moreover, authorized resellers are prohibited from tampering with, defacing, or otherwise altering any identifying information on Five Percent products.

35. Five Percent's quality control requirements are legitimate, substantial, and have been implemented to facilitate Five Percent's control over the quality of goods produced and sold under

the Five Percent Trademarks, which protects consumers and the value and goodwill associated with the Five Percent Trademarks.

36. Five Percent's quality control standards are also material, as they are designed to specifically protect consumers and prevent them from receiving poor quality products. Consumers would certainly find it material and relevant to their purchasing decision to know whether a Five Percent product they are considering buying is being sold by an authorized reseller who is subject to Five Percent's quality control standards or whether the product is being sold by an unauthorized seller that is not subject to and does not abide by Five Percent's quality control standards.

37. Five Percent products purchased from Five Percent or its authorized resellers also come with a Five Percent Warranty (the "Five Percent Warranty"). The Five Percent Warranty provides that a consumer can receive a replacement in the event a purchased product is received in a defective condition by a consumer.

38. As discussed previously herein, Five Percent cannot ensure the quality of its products that are sold by unauthorized resellers, like Get Fit, which are not subject to Five Percent's controls. For this reason, the Five Percent Warranty is not available for Five Percent products sold by unauthorized sellers, like Get Fit, which do not comply with Five Percent's quality control standards.

39. Consumers would find it material and relevant to their purchasing decision to know whether a Five Percent product they are considering buying is covered by the Five Percent Warranty. If a consumer knew a product did not come with the Five Percent Warranty, the consumer would be less likely to purchase the product.

40. In addition to auditing its authorized resellers for online activity, due to the risks to consumers and the reputational concerns associated with the illegal sale of products bearing the

Five Percent Trademarks by unauthorized Internet sellers, Five Percent polices online activity for the sale of its products.

41. In the course of monitoring online listings of Five Percent products, Five Percent discovered the Infringing Products bearing the Five Percent Trademarks being illegally sold by Get Fit on Amazon storefronts.

42. Get Fit has not applied to be, has not been approved to be, and has never been an authorized reseller of Five Percent products and, as such, is not subject to and does not comply with the Five Percent Rules.

43. In fact, Get Fit could not be approved as an authorized reseller because it sells on restricted online marketplaces.

44. Upon information and belief, Get Fit is not abiding by any of the quality control standards required of all authorized resellers of Five Percent products. Five Percent has also been and continues to be prevented from auditing Get Fit's sales and business operations to determine compliance with the Five Percent Rules. This interferes with Five Percent's ability to ensure that consumers can be assured that they are purchasing products from sellers that comply with the Five Percent Rules, thereby damaging the brand reputation and goodwill of Five Percent.

45. While Five Percent has taken action to curtail Get Fit's unauthorized sale of the Infringing Products on the Amazon storefronts, upon information and belief, Get Fit is continuing to illegally sell the Infringing Products.

46. Upon information and belief, through its interactive Amazon storefronts and other means, Get Fit has advertised and marketed the Infringing Products bearing the Five Percent Trademarks to consumers in this District.

47. Upon information and belief, through its interactive Amazon storefronts and other means,

Get Fit has accepted and fulfilled orders of the Infringing Products bearing the Five Percent Trademarks from consumers in this District.

48. Upon information and belief, through its interactive Amazon storefronts and other means, Get Fit has shipped the Infringing Products bearing the Five Percent Trademarks to consumers in this District.

49. The Infringing Products sold by Get Fit are not subject to and interfere with Five Percent's quality control standards.

50. Because the Infringing Products Get Fit sells are not subject to and interfere with Five Percent's quality control standards, the products sold by Get Fit are materially different from genuine Five Percent products.

51. Because Get Fit is not an authorized reseller of Five Percent products and does not comply with the Five Percent Rules, the Infringing Products it sells that bear the Five Percent Trademarks do not come with the Five Percent Warranty.

52. Because the Infringing Products do not come with the Five Percent Warranty, they are materially different from genuine Five Percent products.

53. Get Fit's unauthorized sale of products bearing the Five Percent Trademarks infringes on the Five Percent Trademarks and diminishes their value.

## FIRST CLAIM FOR RELIEF

**(Trademark Counterfeiting – Violation of 15 U.S.C. § 1114(1))**

54. Five Percent realleges the averments found in Paragraphs 1 through 53 and incorporates them by reference herein.

55. The registrations embodying the Five Percent Trademarks are in full force and effect, and the Five Percent Trademarks are entitled to protection under both federal law and common

law.

56. Get Fit, without authorization from Five Percent, has used and is continuing to use the spurious designations that are identical to the Five Percent Trademarks in interstate commerce.

57. The foregoing acts of Get Fit are intended to cause, have caused, or are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Infringing Products are authorized Five Percent products.

58. Upon information and belief, Get Fit has acted with knowledge of Five Percent's ownership of the Five Percent Trademarks and with deliberate intent or reckless disregard to unfairly benefit from the incalculable goodwill inherent in the Five Percent Trademarks.

59. Get Fit's acts constitute trademark counterfeiting in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114).

60. Upon information and belief, Get Fit has made and will continue to make substantial profits and gains to which they are not entitled to in law or equity.

61. Upon information and belief, Get Fit intends to continue its infringing acts, unless restrained by this Court.

62. Get Fit's acts have damaged and will continue to damage Five Percent, and Five Percent has no adequate remedy at law.

63. In light of the foregoing, Five Percent is entitled to and demands injunctive relief prohibiting Get Fit from using the Five Percent Trademarks or any marks identical and/or confusingly similar thereto for any purpose pursuant to 15 U.S.C. § 1116; to recover from Get Fit all damages, including all gains, profits, and advantages obtained by Get Fit as a result thereof, in an amount to be proven at trial; costs of this action pursuant to 15 U.S.C. § 1117(a); attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b); and/or statutory damages pursuant to 15

U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

**(Trademark Infringement – Violation of 15 U.S.C. §§ 1114(1), 1125(a)(1)(A))**

64. Five Percent realleges the averments found in Paragraphs 1 through 53 and incorporates them by reference herein.

65. The lack of compliance with Five Percent's quality control standards in Get Fit's sales of the Infringing Products make them materially different from genuine Five Percent products.

66. The voiding of the warranties by virtue of the unauthorized sale of the Infringing Products by Get Fit also renders them materially different from Five Percent's authorized products, which renders the Infringing Products not genuine.

67. The sale of the Infringing Products by Get Fit that are materially different from genuine Five Percent products is likely to confuse and mislead consumers in the marketplace into believing that these unlicensed and unauthorized products are authorized or sponsored by Five Percent, when in fact they are not.

68. As a result of Get Fit's unauthorized use of the federally-registered Five Percent Trademarks on materially different goods, the public is likely to believe that these products have been approved by Five Percent and are subject to the quality control measures in the Five Percent Rules and the Five Percent Warranty, when, in fact, they are not.

69. Get Fit's unauthorized sale of the Infringing Products that are materially different from genuine Five Percent products deprives Five Percent of the ability to ensure the proper monitoring of its products, maintenance of quality control standards, and protection of the prestige and reputation of the Five Percent brand. This also hinders Five Percent's ability to protect the market from counterfeit nutritional supplement products.

70. Get Fit's infringement of Five Percent's federally-registered Trademarks is willful, intended to reap the benefit of the goodwill of Five Percent, and violates Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

71. Upon information and belief, Get Fit has made and will continue to make substantial profits and gains to which they are not entitled to in law or equity.

72. Upon information and belief, Get Fit intends to continue its infringing acts, unless restrained by this Court.

73. Get Fit's acts have damaged and will continue to damage Five Percent, and Five Percent has no adequate remedy at law.

74. In light of the foregoing, Five Percent is entitled to and demands injunctive relief prohibiting Get Fit from engaging in the advertisement, offer for sale, or sale of the Infringing Products pursuant to 15 U.S.C. § 1116; to recover from Get Fit all damages, including all gains, profits, and advantages obtained by Get Fit as a result thereof, in an amount to be proven at trial; costs of this action pursuant to 15 U.S.C. § 1117(a); and enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a), since Get Fit willfully, intentionally, maliciously, and in bad faith infringed on the Five Percent Trademarks.

## THIRD CLAIM FOR RELIEF

### (False Advertising – 15 U.S.C. § 1125(a)(1)(b))

75. Five Percent realleges the averments found in Paragraphs 1 through 53 and incorporates them by reference herein.

76. Get Fit falsely advertises that the Infringing Products it sells bearing the Five Percent Trademark come with the Five Percent Warranty and are subject to the quality control measures established by the Five Percent Rules. Get Fit also advertises that the products it sells are new

products that would, as such, be entitled to coverage by the Five Percent Warranty and come from a source that complied with the Five Percent Rules.

77. These representations are false because the Infringing Products sold by Get Fit that bear the Five Percent Trademarks do not come with the Five Percent Warranty and are not subject to the quality control standards of the Five Percent Rules.

78. Get Fit's use of the Five Percent Trademarks in connection with the unauthorized advertising, promotion, and sale of the Infringing Products that bear the Five Percent Trademarks misrepresents the nature, characteristics, qualities, and origin of Get Fit's products because it suggests that the products come with the Five Percent Warranty and from a source that complies with the Five Percent Rules, when, in fact, they do not.

79. Get Fit's use of the Five Percent Trademarks in connection with the unauthorized advertising, promotion, and sale of the Infringing Products that bear the Five Percent Trademarks is likely to cause confusion, mistake, or deception because it suggests that the Infringing Products sold by Get Fit are genuine and authentic Five Percent products that come with the Five Percent Warranty and from a source that complies with the Five Percent Rules, when, in fact, they do not.

80. Get Fit's use of the Five Percent Trademarks in connection with the unauthorized advertising, promotion, and sale of the Infringing Products that bear the Five Percent Trademarks is likely to cause confusion, mistake, or deception because it suggests that the Infringing Products sold by Get Fit are sponsored, authorized, or otherwise connected with Five Percent, when, in fact, they are not.

81. Get Fit's unauthorized and deceptive use of the Five Percent Trademarks is material and likely to influence customers to purchase the products Get Fit sells, as consumers are likely to believe that the products Get Fit advertises using the Five Percent Trademarks are genuine Five

Percent products that come with the Five Percent Warranty and from a source that complies with the Five Percent Rules, when, in fact, they do not.

82. Get Fit's unauthorized use of the Five Percent Trademarks in advertising and otherwise infringes on the Five Percent Trademark.

83. Upon information and belief, Get Fit has made and will continue to make substantial profits and gains to which they are not entitled to in law or equity.

84. Upon information and belief, Get Fit intends to continue its infringing acts, unless restrained by this Court.

85. Get Fit's acts have damaged and will continue to damage Five Percent, and Five Percent has no adequate remedy at law.

86. In light of the foregoing, Five Percent is entitled to and demands injunctive relief prohibiting Get Fit from engaging in the advertisement, offer for sale, or sale of the Infringing Products pursuant to 15 U.S.C. § 1116; to recover from Get Fit all damages, including all gains, profits, and advantages obtained by Get Fit as a result thereof, in an amount to be proven at trial; costs of this action pursuant to 15 U.S.C. § 1117(a); and enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a), since Get Fit willfully, intentionally, maliciously, and in bad faith infringed on the Five Percent Trademarks.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition – 15 U.S.C. § 1125(a))

87. Five Percent realleges the averments found in Paragraphs 1 through 53 and incorporates them by reference herein.

88. Get Fit's unauthorized distribution of the Infringing Products constitutes a false designation of origin and a false representation or representation that Five Percent certifies the

quality and authenticity of the Infringing Products when, in fact, Five Percent does not. Thus, this activity by Get Fit is likely to deceive the public.

89. By engaging in the authorized sale of the Infringing Products and thereby voiding the warranties associated therewith, Get Fit impairs Five Percent's quality control and anti-counterfeiting protocols and deprives Five Percent of the ability to maintain the prestige and reputation of the brands sold under the Five Percent Trademarks.

90. Get Fit is using the Five Percent Trademarks with full knowledge that they are associated exclusively with Five Percent and exclusively designate Five Percent products. Get Fit's acts of unfair competition are willful, deliberate, and intended to reap the benefit of the goodwill and reputation associated with the Five Percent Trademarks.

91. Get Fit's unauthorized sale of the Infringing Products and subsequent voiding of the Five Percent Warranty thereof violates Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

92. Upon information and belief, Get Fit has made and will continue to make substantial profits and gains to which they are not entitled to in law or equity.

93. Upon information and belief, Get Fit intends to continue its infringing acts, unless restrained by this Court.

94. Get Fit's acts have damaged and will continue to damage Five Percent, and Five Percent has no adequate remedy at law.

95. In light of the foregoing, Five Percent is entitled to and demands injunctive relief prohibiting Get Fit from engaging in the advertisement, offer for sale, or sale of the Infringing Products pursuant to 15 U.S.C. § 1116; to recover from Get Fit all damages, including all gains, profits, and advantages obtained by Get Fit as a result thereof, in an amount to be proven at trial; costs of this action pursuant to 15 U.S.C. § 1117(a); and enhanced damages and attorneys' fees

pursuant to 15 U.S.C. § 1117(a), since Get Fit willfully, intentionally, maliciously, and in bad faith infringed on the Five Percent Trademarks.

## FIFTH CLAIM FOR RELIEF

**(Unfair Trade Practices under the Florida Deceptive and Unfair Trade Practices Act)**

96. Get Fit's unauthorized sale of the Infringing Products bearing the Five Percent Trademarks and unauthorized use of the Five Percent Trademarks in advertising constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Chapter 501, Florida Statutes.

97. Get Fit's unauthorized sale of the Infringing Products bearing the Five Percent Trademarks and unauthorized use of the Five Percent Trademarks in advertising materially damages the value of the Five Percent Trademark and causes significant damages to Five Percent's business relations.

98. Get Fit's unauthorized sale of the Infringing Products bearing the Five Percent Trademarks and unauthorized use of the Five Percent Trademark significantly impacts the public as actual or potential consumers of Five Percent products.

99. Five Percent has suffered a diminution in value of its products by virtue of Get Fit's unfair trade practices, thereby entitling Five Percent to recover its actual damages resulting from said diminution in value and lost profits.

## PRAYER FOR RELIEF

WHEREFORE, Five Percent respectfully requests judgment against the Get Fit as follows:

A. Judgment in favor of Five Percent and against Get Fit in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, disgorgement of profits, and pre-judgment and post-judgment interest, as permitted by

law;

B. That a permanent injunction be issued enjoining Get Fit and any of its employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Get Fit, and all of those in active concert and participation with Get Fit (the "Enjoined Parties") as follows:

    i. Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all Five Percent products;

    ii. Prohibiting the Enjoined Parties from using the Five Percent Trademarks in any manner, including advertisement on the Internet;

    iii. Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Five Percent Products as well as any products bearing the Five Percent Trademarks;

    iv. Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Five Percent Trademarks, including the following: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Get Fit has sold bearing the Five Percent Trademarks;

    v. Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites or any other websites any reference to any Five Percent products or the Five Percent Trademarks in entries created and/or maintained by the

        Enjoined Parties;

    vi.    Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines, such as Google, to remove form the Internet any uses of the Five Percent Trademarks which associate Five Percent products with the Enjoined Parties' websites or postings; and

    vii.    Requiring the Enjoined Parties to take all action to remove unauthorized uses of the Five Percent Trademark from the Internet, including the website www.amazon.com;

C. Directing that Get Fit deliver up for destruction to Five Percent all unauthorized products and advertisements in their possession or under their control bearing any of the Five Percent Trademarks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof and any means of production of the same;

D. An award of attorneys' fees, costs, and expense; and

E. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff, Five Percent, demands a trial by jury of all issues properly triable by a jury.

Dated: <u>May 14, 2019</u>

                        Respectfully submitted,

<u>s/ Brittany J. Maxey-Fisher</u>
Brittany J. Maxey-Fisher, Esq. (Fla. Bar No. 44586)
William R. Brees, Esq. (Fla. Bar No. 98886)
Samuel E. Cooley, Esq. (Fla. Bar No. 40883)
MAXEY-FISHER, PLLC
100 Second Avenue South
Suite 401 North
St. Petersburg, Florida 33701
Telephone: (727) 230-4949
Email: bmaxeyfisher@maxeyfisher.com
       wbrees@maxeyfisher.com
       scooley@maxeyfisher.com
       lpg@maxeyfisher.com

and

Jason Ellison, Esq. (Fla. Bar. No. 40963)
ELLISON & LAZENBY PLLC
200 Central Ave., SUITE 1850
St. Petersburg, FL 33701
Telephone: (727) 362-6151
Email: jellison@elattorneys.com

*Counsel for Plaintiff Five Percent Nutrition, LLC*