**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Civil Action No.: 8:19-cv-1162 VMC-AEP

Five Percent Nutrition, LLC,

      Plaintiff,

           v.

Get Fit Fast Supplements LLC,

      Defendant.

## DEFENDANT'S MOTION  TO DISMISS

Defendant Get Fit Fast Supplements LLC ("Get Fit"), by and through its undersigned counsel, hereby moves to dismiss the Complaint [DE 1] of Plaintiff Five Percent Nutrition, LLC ("5%"), and in support thereof states as follows.

### PRELIMINARY STATEMENT

The Complaint, filed May 14, 2019, purports to allege claims under the Lanham Act and Florida's Unfair and Deceptive Trade Practices Act (the "FDUTPA"), all of which allegedly arise from "Get Fit's unauthorized and unlawful advertisement and sale of 5% branded products on the Internet." (Cplt., [DE 1]  ¶ 1).

5%'s allegations mirror its representations to the court in its notice of removal in a state court action commenced by Get Fit, filed on April 15, 2019 and styled, Get Fit Fast Supplements, LLC v. Richpianauncensored.com, LLC, Case No. 2019-CA-004882 (Fla., 15th Jud. Cir. Ct.) (the "First-filed Action").   According to Richpianauncensored.com, LLC ("RPU"), that company is a wholly-owned subsidiary of 5%.  (Notice of Removal [First-filed Action DE 1] at ¶ 6).  In the

Notice of Removal in the First-filed Action, RPU alleges that Get Fit was an unauthorized seller of 5% products (id. at ¶¶ 7-8) and instead was selling "counterfeit 5% products" (id. at ¶ 9), and that 5% is the registered owner of trademarks for the products that Get Fit sold through the internet. (Id. at ¶¶ 12-13).  The Notice of Removal further asserts:

> The Five Percent Trademarks are so intertwined with Five Percent's supplements that it would be impossible for the Palm Beach Circuit Court to make a determination as to Count I of the Complaint without 15 U.S.C. Chapter 22, which contains the Federal Trademark laws.

Id. at ¶ 15.

Similarly, the entirety of this action is premised on the same purported 5% trademarks (DE 1 at ¶ 9).  It alleges that Get Fit sold, marketed, and offered to sell products that did not originate from 5%, bearing 5%'s trademarks. (Id. at ¶ 16).  It alleges that Get Fit sold "counterfeit" 5% products that purportedly infringe on 5%'s rights.  (Id. at ¶ 21).  It further alleges that Get Fit sold 5% trademarked products on Amazon storefronts.  (Id. at ¶ 41).  The Complaint alleges claims for relief for trademark counterfeiting pursuant to 15 U.S.C. § 1114(1); trademark infringement pursuant to 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A); false advertising, pursuant to 15 U.S.C. § 1125(a)(1)(b); unfair competition pursuant to 15 U.S.C. § 1125(a); and FDUTPA.

The same counsel represents 5% in this action and 5%'s subsidiary, RPU, in the First-filed Action.

This action should be dismissed, because the claims alleged are compulsory counterclaims in the First-filed Action, as is evident from the Notice of Removal itself.  5%'s claims here are logically related to those presented in the first filed action, premised on the same trademarks, through the same lawyers.  They are based on the same operative facts.

Even though Get Fit has sought remand of the First-filed Action, it is well-established that a failure to bring a compulsory counterclaim in a state court proceeding bars a subsequent suit in

a federal court on that claim.  Thus, regardless whether the First-filed Action proceeds in federal court or state court, this action is barred.

Similarly, 5% has engaged in improper claim-splitting because this lawsuit and the First-filed Action involve the same parties or their privies, and arise out of the same allege transaction or series of transactions.

Accordingly, and for the other reasons stated below, this action should be dismissed.

## ARGUMENT

A compulsory counterclaim is any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). The Eleventh Circuit applies a logical relationship test regarding whether the same operative facts "serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." Mercer v. Palm Harbor Homes, Inc., No. 805CV1435T30TGW, 2005 WL 3019302 at *1 ftnt. 1 (M.D. Fla. Nov. 10, 2005). 5%'s claims herein are logically related to those presented in the First-filed Action, premised on the same alleged counterfeiting of the same products bearing the same trademarks.  Accordingly, this lawsuit is a compulsory counterclaim to the First-filed Action.

"[T]he failure to bring a compulsory counterclaim in a state court proceeding bars a subsequent suit in federal court on that claim." Beepot v. J.P. Morgan Chase Nat. Corporate Services, Inc., 57 F.Supp.3d 1358, 1370 (M.D. Fla. October 30, 2014);[1] Trent v. Mortgage Electronic Registration Systems, Inc., 618 F. Supp. 2d. 1356, 1358 (M.D. Fla. 2007) ("plaintiffs are prohibited from pursuing these claims in federal court because nearly all plaintiffs failed to

---

[1] "A privy is one who is identified with the litigant in interest." Beepot, 57 F. Supp. 3d at 1371. RPU and 5% are privies because: (1) RPU is a wholly owned subsidiary of 5% and (2) they are litigated the rights regarding the same products and alleged trademarks.

assert them as compulsory counterclaims in their state court foreclosure actions

(claim preclusion) and the plaintiff who did (Trent) is estopped from pursuing these

same claims in federal court because of the rule proscribing claim splitting.").

 Similarly, the rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. Vanover v. NCO Financial Services, Inc., 857 F.3d 833, 841 (11th Cir. 2017) ("By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.''). To determine whether such duplicative claim-splitting has occurred, courts borrow from the doctrine of claim preclusion and dismiss the later-filed suit if it 1) involves the same parties or their privies; and 2) arises out of the same transaction or series of transactions as the first suit. Greene v. H & R Block Eastern Enterprises, Inc., 727 F.Supp.2d 1363, 1367 (S.D. Fla. 2010). For the same reasons that this lawsuit is a compulsory counterclaim to the First-filed Action, 5% has engaged in improper claim-splitting here.

 On the foregoing grounds, this lawsuit should be dismissed.

 WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint together with such other relief as is just and proper.

Respectfully submitted,

DATED: June 10, 2019   *s/ Geoffrey M. Cahen*
Geoffrey M. Cahen
Fla. Bar No. 001339
CAHEN LAW, P.A.
1900 Glades Road, Suite 270
Boca Raton, FL 33432
Telephone: (561) 922-0430
E-Mail: geoff@cahenlaw.com

4

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2019 a true and correct copy of the foregoing has been filed via CM/ECF to the parties on the below service list.

*s/ Geoffrey M. Cahen*
Geoffrey M. Cahen

Jason M. Ellison
FBN: 0040963
jellison@elattorneys.com
Brittney P. Baker
FBN: 0113803
bbaker@elattorneys.com
200 Central Avenue, Suite 1850
St. Petersburg, FL 33701
admin2@elattorneys.com
Phone (727) 362-6151