UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIVE PERCENT NUTRITION, LLC,

    Plaintiff,

v.                                  Case No. 8:19-cv-1162-T-33AEP

GET FIT FAST SUPPLEMENTS, LLC,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Get Fit Fast Supplements, LLC's Motion to Dismiss the Complaint, (Doc. # 9), filed on June 10, 2019. Plaintiff Five Percent Nutrition, LLC filed a response on June 24, 2019. (Doc. # 13). For the reasons that follow, the Motion is granted.

**I.**   **Background**

Recently, Five Percent notified Amazon.com that Get Fit was selling counterfeit Five Percent products through its website. See Get Fit Fast Supplements, LLC v. Richpianauncensored.com, LLC, No. 9:19-cv-80641-DMM, (Doc. # 1 at 11). As a result, Amazon.com removed Get Fit's products from all search results relating to Five Percent products. (Id.). On April 15, 2019, Get Fit filed a complaint against

1

Richpianauncensored.com, LLC (RPU) in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the First Action). (Id. at 10-13). In the First Action, Get Fit sought a declaratory judgment of product authenticity from the court as well as damages related to tortious interference. (Id.).

On May 15, 2019, RPU removed the First Action from the Fifteenth Judicial Circuit to the Southern District of Florida. (Id. at 1-5). In its Notice of Removal, RPU claimed it was a wholly owned subsidiary of Five Percent. (Id. at 2). In addition, RPU asserted that the case raised a federal question because determining the authenticity of Get Fit's products would require the court to analyze federal trademark law in relation to five specific trademarks registered to Five Percent. (Id. at 3-4).

One day earlier – on May 14, 2019 — Five Percent filed a separate action against Get Fit in this Court claiming trademark counterfeiting and infringement, false advertising, and unfair competition pursuant to the Lanham Act and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). (Doc. # 1 at 1). In its Complaint, Five Percent claims that Get Fit has been selling unauthorized Five Percent products through Amazon.com and seeks injunctive relief and damages. (Id. at 8-16). Notably, in arguing that Get Fit's products

are illegitimate, Five Percent makes specific reference to the same trademarks mentioned in RPU's Notice of Removal. (Id. at 3).

On June 10, 2019, Get Fit filed this Motion to Dismiss, arguing that Five Percent's claims are compulsory counterclaims that should have been raised in the First Action. (Doc. # 9). Five Percent has responded to the Motion, (Doc. # 13), and the Motion is ripe for review.

II. **Legal Standard**

Although not explicitly stated by Get Fit, the Court interprets this Motion as a Federal Rule of Civil Procedure 12(b)(1) motion for lack of subject matter jurisdiction. Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). Factual attacks challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings." Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). When the jurisdictional attack is factual, the presumption of truthfulness afforded to a plaintiff under Rule 12(b)(6) does not attach. Scarfo, 175 F.3d at 960. Because the very power of the Court to hear the case is at

issue, the Court is free to weigh evidence outside the four corners of the complaint. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982).

## III. Analysis

As a preliminary matter, the Court will address the law that governs this Motion. Both Get Fit and Five Percent argue this Motion is controlled by Federal Rule of Civil Procedure 13, (Doc. # 9 at 3; Doc. # 13 at 2); however, the Court disagrees. In its Motion, Get Fit relies on Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc., 57 F. Supp. 3d 1358, 1370 (M.D. Fla. 2014), for the principle that "failure to bring a compulsory counterclaim in a state court proceeding bars subsequent suit in federal court on that claim." (Doc. # 9 at 3). And the Beepot case cites an additional case in support of this proposition, Petillo v. World Savings Bank, FSB, No. 6:08-cv-1255-Orl-19GJK, 2009 WL 2178953, at *4 (M.D. Fla. July 21, 2009).

Because Beepot and Petillo exclusively applied Florida law when determining whether both state and federal claims were compulsory counterclaims, the Court believes Florida law governs this issue. See also Novick v. Wells Fargo Bank, N.A., No. 16-cv-22982, 2017 WL 2464707, at *2 (S.D. Fla. June 7, 2017)("The Court looks to state law to determine whether a

particular claim is a compulsory counterclaim."), appeal dismissed, No. 17-13063-GG, 2017 WL 6943240 (11th Cir. Aug. 25, 2017).

Under the Florida Rules of Civil Procedure:

> A pleading must state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

Fla. R. Civ. P. 1.170(a). Furthermore, the purpose of Rule 1.170(a) is the elimination of multiplicity of litigation. Montgomery Ward Dev. Corp. v. Juster, 932 F.2d 1378, 1381 (11th Cir. 1991).

The Florida Supreme Court clarified that a claim is compulsory if it passes the "logical relationship test," meaning:

> [I]t arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

Londono v. Turkey Creek, Inc., 609 So. 2d 14, 20 (Fla. 1992). In applying Rule 1.170(a), "Florida courts have opined that the rule should be given a 'broad, realistic

interpretation.'" Montgomery Ward, 932 F.2d at 1381 (quoting Stone v. Pembroke Lakes Trailer Park, Inc., 268 So. 2d 400, 402 (Fla. 4th DCA 1972)). Crucially, "Florida law also provides that failure to bring a compulsory counterclaim in a state court proceeding bars a subsequent suit in federal court on that claim." Petillo, 2009 WL 2178953, at *4.

Upon review, the Court grants Get Fit's Motion because Five Percent's claims should have been brought as compulsory counterclaims in the First Action.

In its response to Get Fit's Motion, Five Percent argues that Get Fit "fails to recognize the significance of the fact that [Five Percent] is not the defendant in the RPU action." (Doc. # 13 at 1). Specifically, Five Percent claims that RPU is not one of its wholly owned subsidiaries and further argues that the two are separate legal entities. (Id.). In support of this declaration, Five Percent provided a sworn affidavit from Peter Hyc, a manager of PCHY, LLC, a Florida limited liability company that owns portions of both RPU and Five Percent. (Doc. # 13-1). In his affidavit, Hyc maintains that, "RPU is not a wholly owned subsidiary of Five Percent. In fact, Five Percent has no ownership in RPU." (Id. at 2).

There is indeed a serious question as to what legal relationship exists between Five Percent and RPU. In its

Notice of Removal in the First Action, attorneys for RPU stated: "RPU is a wholly owned subsidiary of Five Percent Nutrition LLC." Get Fit Fast Supplements, No. 9:19-cv-80641-DMM, (Doc. # 1 at 2). Conversely, in its response to the instant Motion, Five Percent's attorney – one of the same attorneys representing RPU in the First Action – stated: "contrary to [Get Fit's] flawed assertion in its Motion to Dismiss, RPU is not a wholly owned subsidiary of Five Percent." (Doc. # 13 at 1). While the Court recognizes the ethical implications of Five Percent's attorney contradicting himself in court documents regarding the nature of the relationship between his clients, both Get Fit and Five Percent focus too much on RPU's subsidiary status as a determining factor in this case.

The Court is not convinced that RPU must be a wholly owned subsidiary to be in privity with Five Percent. Five Percent provides no case law establishing that RPU needs to be a wholly owned subsidiary to be Five Percent's privy. In its response, Five Percent cites the non-binding Cosmo Specialty Fibers, Inc. v. Bassett, No. C15-5485 BHS, 2015 WL 5794355, at *2 (W.D. Wash. Oct. 5, 2015), and states: "The [Cosmo] court emphasized that the defendant in the second action had 'failed to provide any reason for the Court to

7

disregard the corporate form [between related but separate entities] in this case.'" (Doc. # 13 at 2). But Five Percent erroneously argues that this statement "demonstrates the significance of the parties being the same, not simply related." (Id.). To the contrary, the Court in Cosmo does not require parties to be identical; rather it calls on the defendant to give the Court reason to disregard the corporate form. Cosmo, 2015 WL 5794355, at *2. In the instant case, the Court believes Get Fit has provided ample evidence as to why the corporate relationship between Five Percent and RPU, whether RPU is a wholly owned subsidiary or a more loosely related corporate entity, should be disregarded. See (Doc. # 9 at 2)(citing multiple similarities between RPU's action and Five Percent's action in this District).

Moreover, under Florida law, "[p]rivity is a mutuality of interest, an identification of interest of one person with another." AMEC Civil, LLC v. PTG Const. Servs. Co., 106 So. 3d 455, 456 (Fla. 1st DCA 2012)(quoting Radle v. Allstate Ins. Co., 758 F. Supp. 1464, 1467 (M.D. Fla. 1991))(holding that a construction company and a transportation group were privies with the Florida Department of Transportation). Additionally, a nonparty to a suit may be considered a privy if "one of the parties to the suit is so closely aligned with

8

[its] interests as to be [its] virtual representative." Udick v. Harbor Hills Dev., L.P., 179 So. 3d 489, 492 (Fla. 5th DCA 2015)(quoting Aerojet-Gen. Corp. v. Askew, 511 F.2d 710, 719 (5th Cir. 1975))(holding that former plaintiffs acted as privies for other members in their Home Owners Association).

Five Percent and RPU are unquestionably privies in the First Action. Although RPU is not named in the Complaint in this case, Five Percent bases its claims in this Court on the same trademarks that RPU cites in the First Action. (Doc. # 1 at 3); Get Fit Fast Supplements, No. 9:19-cv-80641-DMM, (Doc. # 1 at 3). Additionally, the interests of both parties are so aligned that they should be considered privies. Both RPU and Five Percent are litigating against the same party – Get Fit – in the hope of proving that Get Fit's products are counterfeits of Five Percent's products. (Doc. # 1 at 4-16); Get Fit Fast Supplements, No. 9:19-cv-80641-DMM, (Doc. # 1 at 3-4). Thus, although they may be separate legal entities, the Court considers Five Percent and RPU privies in the First Action.

Likewise, Five Percent's claims in this Court are unquestionably compulsory counterclaims to the First Action. As discussed above, the Florida Supreme Court described a compulsory counterclaim as a claim that has a logical

9

relationship to the original claim because it is based on the same operative facts. Londono, 609 So. 2d at 20. Upon even a cursory examination, it is apparent that Five Percent's claims share the same basis of operative facts with the First Action.

Five Percent's claims are based on the allegation that Get Fit sold counterfeit Five Percent products through Amazon.com – the same facts involved in the First Action. (Doc. # 1 at 4-16); Get Fit Fast Supplements, No. 9:19-cv-80641-DMM, (Doc. # 1 at 3-4). The trademarks addressed by RPU in its Notice of Removal in the First Action are the very same trademarks that form almost the entire basis of Five Percent's claims in this Court. (Doc. # 1 at 3); Get Fit Fast Supplements, No. 9:19-cv-80641-DMM, (Doc. # 1 at 3). Thus, Five Percent's claims are compulsory counterclaims to the First Action.

As privies, RPU's failure to raise compulsory counterclaims in the First Action bars Five Percent's claims in this Court. See Petillo, 2009 WL 2178953, at *4-5 (after satisfying the logical relationship test, plaintiffs' compulsory counterclaims to a state action were barred in the separate federal action); Udick, 179 So. 3d at 490-92 (legal action of privies barred nonparty from raising related claims

in a separate action). Thus, to avoid multiplicity of litigation, Five Percent's claims are dismissed without prejudice. See Petillo, 2009 WL 2178953, at *5 (dismissing plaintiff's claims without prejudice to seeking relief in state court action).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Get Fit Fast Supplements, LLC's Motion to Dismiss the Complaint (Doc. # 9) is **GRANTED.**

(2) All claims in the Complaint are **DISMISSED** without prejudice to seeking relief in the Southern District of Florida action.

(3) The Clerk is directed to terminate any pending deadlines and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of July, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE